UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES SR.,

                              Petitioner,

            -against-

JANE CARTER,

                              Respondent.

21-CV-9571 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his ongoing proceedings in the Bronx County Criminal Court. By order dated January 5, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court denies the petition without prejudice for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a

*pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this *habeas corpus* action under Section 2254, purportedly to challenge a conviction issued in the Bronx County Criminal Court under case numbers CR-013906-21BX and CR-13907-21BX. He alleges that, on June 15, 2021, he pleaded guilty to contempt of court and was sentenced to time served of 10 months. Petitioner also alleges that he appealed his judgment of conviction to this court, referencing the docket number of a *habeas corpus* petition he previously filed that Judge Louis L. Stanton denied. *See Jones v. Hallett*, ECF1:20-CV-10350, 17 (S.D.N.Y. Feb. 25, 2021) (denying petition under *Younger v. Harris*, 401 U.S. 37 (1971), without prejudice to Petitioner's filing a Section 2254 petition should he be convicted). Despite Petitioner's assertions that the petition relates to a conviction for which he has been sentenced, it appears that he is attempting to challenge ongoing criminal proceedings in the state court. The two case numbers he provides are those of two ongoing criminal prosecutions in the Bronx County Criminal Court. In addition, Petitioner seeks relief for alleged violations during his arraignment on September 14, 2021, and later proceedings.

According to records maintained by the New York City Department of Correction, Petitioner was arrested on September 14, 2021, and was charged with criminal mischief in the third degree (No. CR-13907-21BX) and attempted murder in the second degree (No. CR-013906-21BX). Further, court records of the New York State Unified State Court System indicate that Petitioner's next court dates for these two cases are scheduled respectively for January 7, 2022, and February 22, 2022.

## DISCUSSION

**A.      Ongoing Proceedings**

To the extent that Petitioner seeks this Court's intervention in his pending state-court criminal proceedings, the Court denies the request. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Here, abstention under *Younger* is appropriate because the relief Petitioner seeks would require the Court to review or intervene in his ongoing state-court criminal proceedings. New York State has an important state interest in enforcing its criminal laws, and Petitioner does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. As each of the requirements for *Younger* abstention is satisfied in this case – Petitioner's state criminal proceedings are still pending, they involve important state interests, and will afford him the opportunity to present his constitutional objections to the alleged violations − this Court must abstain from interfering in Petitioner's ongoing criminal prosecutions. *See Sprint*, 134 S. Ct. at 588.

**B.      Conviction and Exhaustion of State-Court Remedies**

Petitioner brings this action under Section 2254, which provides relief to an individual who is in "custody pursuant to the judgment of a State court . . . on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As Petitioner has not yet been convicted, he is not in custody pursuant to a judgment of a state court. If Petitioner is convicted, before he can seek federal *habeas* relief under Section 2254, he must first exhaust all available state-court remedies. *See* § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if New York State provides a procedure, Petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by Petitioner before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

As Petitioner's criminal proceedings are ongoing, and he does not allege that he raised any of his challenges in any state court, the Court denies the petition without prejudice as prematurely filed. If Petitioner is convicted of the charges he faces, he may file a Section 2554 *habeas corpus* petition in this court after he has fully exhausted his state-court remedies.

**C.     Pending Motions**

Since Petitioner filed this petition, he has inundated the Court with various submissions, including several motions for release from custody. Petitioner's motions are denied as moot.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice. The Clerk of Court is directed to terminate all motions in this action.

Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 10, 2022
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                             Chief United States District Judge