UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL A. JONES,

                      Petitioner,

          -against-

JANE CARTER,

                      Respondent.

21-CV-9571 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner, who is incarcerated on Rikers Island, filed this 28 U.S.C. § 2254 petition *pro se*, challenging his ongoing proceedings in the Bronx County Criminal Court. On January 10, 2022, the Court denied the petition under *Younger v. Harris*, 401 U.S. 37 (1971), without prejudice to Petitioner's filing a Section 2254 petition should he be convicted. (ECF 24.) The Court noted that before filing any such motion, Petitioner must exhaust all available state court remedies. (*Id.* at 4.) Judgment was entered the same day. (ECF 25.)

        Petitioner has since filed five submissions which appear to challenge the Court's January 10, 2022, order, namely: (1) an amended petition (ECF 26); (2) an "amicus curiae" regarding his criminal case (ECF 29); (3) a letter describing Petitioner having woken up with a correction officer standing over him engaging in criminal conduct (ECF 30); (4) a motion demanding trial within 10 days, dismissal of the state indictment, and release from custody (ECF 31); and (5) a motion for discovery in his criminal case (ECF 32). Petitioner has also contacted the Court and left voicemails relating to his detention and prosecution.

        The Court liberally construes the amended petition as a leave-to-amend application, and the remaining requests as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submissions, the Court denies all requests for relief.

As well as the above documents, on January 24, 2022, the Court received from Petitioner a notice of appeal and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 33-34.) The Court also denies the request to file a late notice of appeal.

## DISCUSSION

**A.     Amended petition**

Petitioner has filed an amended Section 2254 petition, in which he again seeks release from custody. The Court construes this submission as an application seeking leave to file an amended petition, *see Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir. 2001), and denies leave to amend.

The Court denies Petitioner leave to file an amended petition for the same reason the Court denied the original petition, that is, Petitioner has failed to allege any special circumstances concerning his ongoing criminal proceedings that suggest bad faith, harassment, or irreparable injury that is both serious and immediate. *See Younger*, 401 U.S. at 53. Petitioner's state criminal proceedings are still pending, they involve important state interests, and will afford him the opportunity to present any constitutional objections.

In addition, to the extent Petitioner complains about the condition of his confinement, such allegations must be raised in a civil action brought under 42 U.S.C. § 1983.¹ *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting that "challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

As Petitioner does not suggest any extraordinary circumstances regarding his current, prosecution, the Court denies Petitioner leave to amend his petition.

**B.     Motion for reconsideration**

Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Here, Petitioner does not attack the integrity of the *habeas* proceeding. Rather, he challenges his ongoing proceedings in state court. As this challenge is not an attack on the *habeas* proceeding held by this Court, Petitioner's requests for relief, construed as a motion for reconsideration under Rule 60(b), are denied.²

---

¹ Petitioner is barred under 28 U.S.C. § 1915(g) from filing any new action *in forma pauperis* (IFP) while he is a prisoner unless he can show that he is in imminent danger of serious physical injury. *See Jones v. Police Officer Jane Doe,* 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021) (citing *Jones v. Norman*, No. 4:13-CV-0596 (E.D. Mo. Apr. 3, 2013), which set forth three cases that had been dismissed as frivolous, malicious, or for failure to state a claim).

² To the extent Petitioner's submissions could also be construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3, such a motion is also denied. Petitioner has failed to demonstrate in his submissions that the Court overlooked any controlling decisions or factual matters with respect to the denial of the Section 2254 petition. *See Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009).

**C.     Voicemails**

Petitioner contacted the Court by telephone and left several voicemails concerning issues related to his detention and criminal prosecution. Petitioner should note that the Court cannot consider any information conveyed by voicemails or other telephone calls. All communications to the court must be made in writing. As this matter is closed, the Court will not accept any further submissions in this case, except for papers directed to the United States Court of Appeals for the Second Circuit. Petitioner is also directed not to call the Court regarding this matter, and that any further voicemails will be disregarded.

**D.     Motion for extension of time to appeal**

The Court also denies Petitioner's motion for an extension of time. A litigant has thirty days from entry of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Because Petitioner timely filed his notice of appeal within thirty days after entry of judgment, the Court denies the motion for an extension of time to file a notice of appeal as unnecessary.

## CONCLUSION

The Court construes Petitioner's amended petition (ECF 26) as a motion for leave to file a Section 2254 petition, and denies leave to amend. The Court further construes Petitioner's remaining submissions (ECF 29-32) as a motion for reconsideration, and denies the motion. The Court also denies Petitioner's motion for an extension of time to file a notice of appeal (ECF 33) as unnecessary because Petitioner's notice of appeal (ECF 34) is timely. All other pending matters are terminated.

Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Clerk of Court is directed not to accept any further submissions under this closed action, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

                                                          /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          Chief United States District Judge